IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE |
|---|---|
| Plaintiff, | |
| v. | |
| DENE BURTON GALARNEAU, | Case No. 2:11CR641DAK |
| Defendant. | Judge Dale A. Kimball |

This matter is before the court on Defendant Dene Burton Galarneau's motion for early termination of supervised release, filed April 30, 2014. The government has not opposed Defendant's motion and the time for doing so has passed.

On September 4, 2002, Defendant was sentenced in the United States District Court of Montana to 147 months incarceration with the United States Bureau of Prisons followed by a 60-month term of supervised release. On April 8, 2011, Defendant was released from custody and began serving his term of supervised release. Defendant's supervised release was transferred to the District of Utah on July 22, 2011. Defendant's term of supervised release is not scheduled to terminate until April 7, 2016.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . .

if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

The court has contacted Defendant's probation officer and learned that she supports early termination. Defendant has complied with all the terms of his supervised release and has paid off his restitution. Defendant has also maintained consistent employment. Defendant's employer provided a letter with his requires indicating that Defendant has been a responsible and dedicated employee during his three years of employment. Defendant also cares for his ill mother and has bought a house for both of them. Defendant's conduct on supervised release is commendable and demonstrates that he is a productive member of society. Based on Defendant's conduct during his term of supervised release, the court finds that an early termination of supervised release is warranted. After three years of consistently responsible and stable behavior, the court concludes that no further supervised release is necessary. Accordingly, the court grants Defendant's motion for early termination of supervised release.

DATED this 21st day of May, 2014.

BY THE COURT:

*Dale A. Kimball*

_____
DALE A. KIMBALL
United States District Judge